c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RDK, L.L.C., D/B/A METRO GLASS, Plaintiff | CIVIL ACTION NO. 1:23-CV-00327 |
| VERSUS | CHIEF JUDGE DOUGHTY |
| FEDERATED SERVICE INSURANCE COMPANY, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are the following opposed motions: (1) a Motion for Leave to File First Amended Complaint for Damages ("Motion to Amend") (ECF No. 14) filed by Plaintiff RDK, L.L.C., doing business as ("d/b/a") Metro Glass ("RDK"); and (2) a Rule 12(b)(6) Motion to Dismiss (ECF No. 19) filed by Defendant Federated Service Insurance Company ("Federated Service").

RDK seeks to correct the name of Defendant Federated Service to Federated Mutual Insurance Company ("Federated Mutual"), and to correct the policy number for the insurance policy at issue. ECF No. 14. Federated Service opposes. ECF Nos. 16, 28.

Federated Service seeks a dismissal with prejudice of all claims under Rule 12(b)(6) due to no available coverage to RDK. ECF No. 19. Federated Service further asserts the proposed amendment (ECF No. 14-1) is futile because any claims against Federated Mutual are prescribed based on the contractual limitations period. *Id.* RDK opposes. ECF No. 24.

RDK's proposed amendment to change the named Defendant from Federated Service to Federated Mutual fails to relate back to the filing of the original Complaint, and is futile as it is prescribed. Thus, RDK's Motion to Amend (ECF No. 14) should be DENIED.

Further, because there is no coverage for the alleged claims under Federated Service's Auto Policy and because RDK fails to state plausible claims for breach of contract and bad faith absent coverage, Federated Service's Motion to Dismiss (ECF No. 19) should be GRANTED. RDK's action against Federated Service should be DISMISSED WITH PREJUDICE.

I. Background

On January 23, 2023, RDK filed suit against Federated Service in the Ninth Judicial District Court for the Parish of Rapides. ECF No. 1. RDK seeks recovery for repairs, losses, and damages caused by a severe ice storm and freeze event. *Id.* at 1. RDK also seeks penalties and attorney's fees for breach of Louisiana's insurance statutes and for bad faith damages. *Id.*

RDK leased property in Alexandria, Louisiana (the "insured property") from which it operated Metro Glass. ECF No. 1-2 at 2. RDK alleges Federated Service provided a policy of insurance, Business Auto Policy No. 6090493 (the "Auto Policy"), covering the insured property against damage, including damage caused by wind, hail, and water. *Id.*

On February 11, 2021, a severe ice storm and freeze event occurred in southwestern Louisiana, followed by a second, similar system on February 17, 2021.

*Id.* RDK contends this caused significant damage to the insured property, impacting the roof and other parts of the structure and allowing water to infiltrate the building causing further damage. *Id.*

RDK claims it provided notice of the loss to Federated Service and made reasonable steps to mitigate damage. *Id.* at 3. RDK claims the damage caused business interruption, loss of business income, and extra expenses. *Id.* RDK alleges Federated Service failed to pay the amount due, and failed to make a written offer to settle, within thirty (30) days after receipt of satisfactory proof of loss. *Id.* RDK asserts claims for breach of insurance contract and for bad faith damages for violations of La. R.S. 22:1892 and 22:1973. *Id.* at 3-5.

On March 10, 2023, Federated Service timely removed, asserting diversity jurisdiction.[1] ECF No. 1. Federated Service then answered the Complaint, asserting various affirmative defenses. ECF No. 7.

On November 3, 2023, RDK filed this Motion to Amend to "correct the name of the Defendant to Federated Mutual Insurance Company, and to correct the policy number for the insurance policy at issue." ECF No. 14. Federated Service opposed and responded with a motion for Rule 12(b)(6) dismissal with prejudice for lack of coverage. ECF No. 19. Federated Service submits a copy of its Auto Policy No.

---

[1] RDK is a limited liability company, in which all its members are citizens of the state of Louisiana. ECF No. 1. Federated Service is incorporated in the state of Minnesota, with its principal place of business in the state of Minnesota. *Id.* Thus, the parties are completely diverse.

6090493 (ECF No. 19-2), and a copy of Federated Mutual's Businessowner's Policy No. 6090492 (the "Property Policy") (ECF No. 19-3).[2] *Id.* RDK opposes. ECF No. 24.

## II. Law and Analysis

### A. Leave to amend should be denied if the amendment would be futile.

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

---

[2] When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice" – including public records. *Id.*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

Here, RDK's Complaint incorporates and references the Auto Policy. ECF No. 1 at 1. Thus, the Court need not convert the motion to consider the documents attached, which were referenced in the complaint and are central to RDK's claim. *See Collins*, 224 F.3d at 499; *Norris*, 500 F.3d at 461, n.9.

4

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Futility alone provides a sufficient basis for denying leave to amend. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Proposed amended claims are futile if they would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

### B. RDK's allegations must raise a plausible right to relief.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[3] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

---

[3] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

5

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

### C. RDK's proposed amendment is futile, and Federated Service is entitled to dismissal with prejudice.

RDK seeks to amend the Complaint to correct the alleged misnomer regarding naming the incorrect Defendant Federated Service. ECF No. 14. RDK seeks to change the named Defendant Federated Service to Federated Mutual, and the referenced applicable policy from 6090493 to 6090492. *Id.* at 1.

RDK contends none of the factors weigh against allowing an amendment. ECF No. 14-4 at 2. The deadline for joinder of parties and amendment of pleadings is November 3, 2023 – the date RDK filed its motion. ECF No. 13. Thus, RDK's motion was timely. It contends that no substantial discovery has taken place and that there is no bad faith or dilatory motive. *Id.*

RDK further argues that the amendment relates back to the original Complaint. *Id.* at 3. RDK claims the proposed amendment relates to the same transaction, occurrence, and conduct as alleged in the original Complaint, and that no new facts or causes of action are being added. *Id.*

RDK asserts the state court Complaint was served within the time required by Fed. R. Civ. P. 4(m). *Id.* RDK filed suit in state court on January 30, 2023, and a copy was served on the Secretary of State on February 9, 2023. ECF Nos. 1, 14-4 at

3, 14-6. The Louisiana Secretary of State mailed a copy to Federated Service on February 10, 2023. ECF Nos. 1-3, 14-4 at 3, 14-6. Thus, RDK asserts the requirements of Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 15(c) are satisfied. ECF No. 14-4 at 4.

RDK contends that there is an identity of interest between Federated Service and Federated Mutual. *Id.* Thus, it argues that notice can be imputed to Federated Mutual and should be inferred to interrupt prescription. *Id.* RDK asserts that Federated Service and Federated Mutual are part of the "Federated Insurance" group located in Owatonna, Minnesota. *Id.* The Louisiana Department of Insurance lists the same address for each of their administrative offices, locations of their books and records, domicile, and mailing addresses. ECF Nos. 14-4 at 4, 14-8, 14-9.

RDK served the Complaint at that address – 121 East Park Square, Owatonna, Minnesota 55060. ECF No. 14-4 at 5. RDK further states that Federated Service and Federated Mutual share counsel, noting that the law firm of Lewis Brisbois Bisgaard & Smith, LLP represent the named Defendant here and have served as counsel for the proposed new Defendant Federated Mutual in other cases in this District. *Id.* Thus, RDK argues the proposed amendment should relate back to the original Complaint. *Id.*

Federated Service responds that the proposed amendment is futile because the amended pleading does not relate back and is prescribed. ECF No. 16 at 3-5, 28. Federated Service states RDK sued its Business Auto insurer, listing the Auto Policy, but now seek to add Federated Mutual, under a wholly new breach of contract claim

7

under a different insurance policy – Businessowner's Policy No. 6090492.[4]  ECF No. 16 at 1.

Federated Service represents that it has repeatedly asserted that the Auto Policy did not afford coverage for the property damage claims or business losses asserted. *Id.* at 2-3.  Yet, RDK waited to seek leave to amend nearly eight (8) months after Federated Service filed its Answer and affirmative defenses, including lack of coverage. *Id.* at 3.

Federated Service states that RDK's motion was filed on November 6, 2023, for the alleged damages sustained on February 11 or 17, 2021, more than two years later. *Id.*  Federated Mutual's policy contains a "Legal Action Against Us Clause," which requires full compliance with all the terms of the policy and for claims to be brought within two years after the date on which physical damage occurred. *Id.*; *see also* ECF No. 16-4.  Moreover, it is undisputed that this contractual limitation period fully comports with La. R.S. 22:868(B).[5]  ECF No. 16 at 4.

---

[4] Federated Service notes this is not the first-filed suit seeking storm-related damage from RDK's business auto insurer.  ECF No. 16 at 1.  Federated Service submits that on September 15, 2022, RDK filed a suit alleging claims against it under its Business Auto Policy No. 6090493 for alleged damages from Hurricane Laura.  *Id.* at 2.  Federated Service further asserts that its counsel advised RDK no Hurricane Laura claim had ever been reported and the Business Auto Policy would not cover such a claim.  ECF No. 16 at 2.  RDK dismissed its suit without prejudice, allegedly after learning its damages were related to a February 2021 winter storm and not Hurricane Laura.  ECF Nos. 16 at 2, 16-1.

[5] The statute on limiting actions provides, in pertinent part:

> B.  No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four

Moreover, Federated Service further argues that RDK's proposed amendment fails to relate back under Fed. R. Civ. P. 15(c). *Id.* at 5. RDK argues the claim relates back because the two entities belong to the same "insurance group" and share an identity of interest. *Id.* at 6. However, Federated Services states this argument has been uniformly rejected, including similar cases where a plaintiff seeks to add a different insurer who shares the same address. *Id.* (citing cases). Federated Service argues RDK is not merely seeking to change the identity of the party sued but alleges liability under a wholly new insurance contract. *Id.* at 7-8.

RDK must assert the following elements to state a viable breach of contract claim: "(1) defendants owed them an obligation; (2) defendants failed to perform that obligation; and (3) defendants' failure resulted in damages to the plaintiffs." *Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mt., LLC*, 193 So.3d 1110, 1115 citing 2 Saul Litvinoff, *La. Civ. Law Treatise: the Law of Obligations* 378-87 (1975); Louisiana Civil Code article 1994; *Favrot v. Favrot*, 68 So.3d 1099, 1108-09 (La. App. 4 Cir. 2/9/11); *see also IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) ("In Louisiana, a breach of contract claim has three essential elements: (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation, and (3) the failure to perform resulted in

---

months next after the inception of the loss when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.

La. R.S. 22:868(B).

damages to the obligee."). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must identify a specific contractual provision that was breached in order to state a valid claim. *See Thomas Clements v. Hancock Whitney Bank, By Merger with MidSouth Bancorp*, 2020 WL 7405656 at *2-3 (W.D. La. Nov. 23, 2020) (citing *Whitney Bank v. SMI Cos. Global, Inc.*, 949 F.3d 196, 205 (5th Cir. 2020)).

Here, RDK makes no argument seeking coverage under Federated Service's Auto Policy. Instead, the only purported policy in which it seeks coverage is the Property Policy issued by Federated Mutual. ECF No. 14. No such allegation was included in the original Complaint. ECF No. 1-2. RDK makes the conclusory allegation that Policy No. 6090493 covered the insured property against perils including wind, hail, and water. ECF No. 1-2. However, the Auto Policy only provides auto liability coverage, auto physical damage coverage, and garage keeper's liability. ECF Nos. 19-1 at 5, 19-2. RDK fails to provide any specific policy provision in the Policy No. 6090493 issued by Federated Service that was allegedly breached. ECF No. 19-1 at 4.

It is clear and undisputed that the Auto Policy did not provide coverage for the alleged claims for winter storm damages or business interruption. ECF Nos. 14, 19-2. By failing to address Federated Service's assertions as to no coverage under its Auto Policy, and by seeking to amend to allege a different policy through a different insurer, RDK concedes the lack of coverage under the Federated Service Auto Policy. ECF No. 14. The Federated Service Auto Policy, along with the assertions of the parties, demonstrate that Federated Mutual, not Federated Service, issued the policy

that is applicable to RDK's claims. ECF Nos. 14, 19; *see also Hawkins v. Allstate Vehicle & Property Ins. Co.*, 2023 WL 8103949, at *2 (W.D. La. Nov. 6, 2023) (finding plaintiff failed to state a plausible claim where plaintiff named the wrong insurer as defendant and the policy's contents contradicted the plaintiff's allegations).

Because RDK cannot identify a provision of Federated Service's Auto Policy that was breached, RDK fails to state a plausible claim for breach of contract. Moreover, absent a valid claim for breach of contract, RDK also fails to state a plausible bad faith claim for statutory penalties, attorney's fees, or extra-contractual damages. *See Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19); 285 So. 3d 1062, 1073 (holding that absent a contractual obligation, a duty of good faith does not exist). Thus, any claims against Federated Service based on the Auto Policy should be dismissed.

Additionally, RDK's assertion that the proposed amendment is not prescribed and relates back such that notice to Federated Mutual should be inferred fails. The mere fact that two insurers share the same address, phone number, similar names, or shared parent company is insufficient to show an "identity of interest" between Federated Service and Federated Mutual. *See Ledet v. USAA Gen. Indem. Co.*, 2023 WL 3443302, at *2 (W.D. La. May 12, 2023).

A federal court sitting in diversity applies federal law to the issue of whether an amended pleading relates back to an earlier amended complaint. *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006). A plaintiff has the burden to demonstrate that an amended complaint relates back under Rule 15(c). *Al-Dahir v.*

*F.B.I.*, 454 Fed.Appx. 238, 242 (5th Cir. 2011). "When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *Stanard v. United Servs. Auto. Ass'n,* 2023 WL 5761327, at *2 (W.D. La. Sept. 6, 2023) (citing *In re Katrina Canal Breaches*, 2008 WL 3906760, at *3 (E.D. La. Aug. 26, 2008)).

RDK's alleged losses occurred on February 11 and/or 17, 2021. ECF No. 1-2. Thus, RDK had, at the latest, until February 17, 2023 to file suit against Federated Mutual, the proper defendant. Under the terms of the Federated Mutual's two-year contractual period and La. R.S. 22:868(B), RDK's claims against Federated Mutual are prescribed. La. R.S. 22:868(B); ECF No. 19-3. Thus, RDK would have had to assert claims against Federated Mutual before February 11, 2023 or February 17, 2023, at the latest. ECF No. 1-2. RDK filed leave to amend on November 3, 2023, well after the two-year contractual limitation. ECF No. 14. Therefore, RDK's claims against Federated Mutual are prescribed.

The only question that remains is whether the proposed amendment relates back. It does not. Fed. R. Civ. P. Rule 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4 (m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

"Accordingly, the court's analysis under Rule 15(c)(1)(C)(ii) turns on 'what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint.'" *Standard*, 2023 WL 5761327, at *2 (quoting *Al-Dahir*, 454 F. App'x at 242 (internal quotations omitted)). "Additionally, the defendant must have received notice of the mistake within the time provided by Rule 4(m), i.e., 120 days." *Id.*

Here, the insurer Federated Mutual – for the alleged winter storm related damages asserted by RDK – is determinable by the plain language of the Property Policy and is not the type of mistake that Rule 15(c) was designed to remedy. *See Stanard*, 2023 WL 5761327, at *3; *see also Searls v. Insureco Agency & Ins. Servs.*, 2009 WL 35340, at *4 (E.D. La. Jan. 6, 2009), *aff'd,* 338 Fed.Appx. 365 (5th Cir. 2009) (citing *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 3906760, at *6) (holding that the "mistake" was not a misidentification or misnomer, but an error about who was the actual insurer of the insured's property). RDK offers no explanation for failing to name its proper insurer in the Complaint. There is also no showing that Federated Mutual had actual notice of the suit within the time provided by Rule 4(m). RDK fails to carry its burden that Rule 15(c) applies. RDK's proposed amendment alleges claims against Federated Mutual that are prescribed, and thus do not relate

back to the filing of the original Complaint. Thus, RDK's proposed amendment is futile.

### III. Conclusion

Because RDK's proposed amendment to change the named Defendant from Federated Service to Federated Mutual fails to relate back to the filing of the original Complaint, and because the proposed amendment is futile as it is prescribed;

IT IS RECOMMENDED that RDK's Motion to Amend (ECF No. 14) be DENIED.

Because there is no coverage for the alleged claims under Federated Service's Auto Policy, and because RDK fails to state plausible claims for breach of contract and bad faith absent coverage;

IT IS FURTHER RECOMMENDED that Federated Service's Motion to Dismiss (ECF No. 19) be GRANTED, and RDK's action against Federated Service be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this _____ day of August 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE